UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARACELI ARIAS, VIVIANA ARIAS, NICHOLAS ARIAS, MARICELA ARIAS,<br><br>Plaintiff,<br><br>v.<br><br>COLUMBIA DEBT RECOVERY LLC d/b/a GENESIS CREDIT MANAGEMENT LLC,<br><br>Defendant. | CASE NO. 2:20-cv-01602-RAJ-BAT<br><br>**REPORT AND RECOMMENDATION** |

Defendant Columbia Debt Recovery, LLC dba Genesis ("Columbia") seeks dismissal of the Complaint of Plaintiffs Araceli Arias, Vivian Arias, Nicolas Arias, and Maricela Arias pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 11. Columbia also moves to strike portions of the Complaint. *Id.* Columbia's motions to dismiss and to strike should be denied.

BACKGROUND

Pursuant to Fed. R. Civ. P. 12(b)(6), the following allegations of fact are contained in Plaintiffs' Complaint and attachments (Dkt. 1-1), and are assumed to be true for purposes of this motion:

In October 2016, Plaintiffs rented an apartment at Wellington Place in Burien, Washington. Plaintiffs paid rent every month through September 2017. Dkt. 1-1, ¶¶ 4, 5. Plaintiffs tendered a check for October rent, but Wellington Place refused to accept it. *Id.*, ¶ 6.

REPORT AND RECOMMENDATION - 1

On October 17, 2020, Wellington Place's property manager, Allied Residential, filed an unlawful detainer action in King County Superior Court, Case No. 17-2-27155-1 KNT. Allied Residential obtained a judgment in the amount of $ 2,926.00 ($1,620.00 for unpaid rent, $395.00 for attorney fees; and $425.00 for costs), plus rent at $54.00 per day after 10/31/17, and interest at 12% per annum. Dkt. 1-1, ¶¶ 7-13, Ex. A (the "Judgment"). Plaintiffs left the apartment on November 9, 2017. *Id*., ¶ 12.

On June 6, 2018, Allied Residential assigned the Judgment to Columbia. Dkt. 1-1, ¶ 13, Ex. B. In early 2020, Plaintiffs began receiving calls from Columbia demanding that they pay over $10,000.00. Plaintiffs were confused by the amount demanded and each of them sent a letter to Columbia requesting additional information. Dkt. 1-1, ¶¶ 14-15. Columbia responded to each request with the documents attached as Ex. C to the Complaint (*id.*, ¶¶ 16-17):

(1) Letter dated March 17, 2020 showing the original creditor as Wellington Place Apartments, requesting payment in full of $10,178.57, and reflecting an "original" principal amount of $8,539.19; "current" principal of $8,148.14; and interest of $2,030.43;

(2) "Move Out Audit Sheet" reflecting charges of $3,489.40 for "Cleaning & Replacement;" $4,418.00 as a "Balance Due on AMSI/Yardi Ledger;" $931.95 for "Water/Sewer;" a $300.00 security deposit, and "Total Charges" of $8,539.19;

(3) Copy of the Plaintiffs' rental agreement; and

(4) Document entitled "Columbia Debt Recovery LLC DBA Genesis State Disclosures."

*Id.*, Ex. C.

According to Columbia, Plaintiffs owed $10,178.57 consisting of "current" principal in the amount of $8,148.14 with interest of $2,030.43. Dkt. 1-1, ¶ 17. Columbia did not explain why there was an "original" principal amount of $8,539.19 and a "current" principal amount of $8,148.14. *Id.*

1    Plaintiffs allege that they were in the apartment for only a year and did not leave it
2 requiring $3,489.24 for cleaning and replacement. Plaintiffs acknowledge that they owe money
3 for utilities, rent for October, and rent for nine days in November. Dkt. 1-1, ¶¶ 19-21. Plaintiffs
4 also allege that they paid rent for all other months that they lived in the apartment and thus,
5 dispute that there could be a balance owing of $4,418.00. *Id.*, ¶ 21.

6    Columbia did not refer to the Judgment, provide a copy of the Judgment, or explain the
7 balances reflected on the Move Out Audit Sheet. *Id.*, ¶ 22.

8    On June 14, 2018, Columbia instituted a garnishment of wages at Kafer Distribution. In
9 its Declaration for Writ of Garnishment, Columbia attested that Allied had obtained a Judgment
10 in the amount of $4,880.00. Dkt. 1-1, Ex. D. The garnishment was not answered. Dkt. 1-1, ¶ 26.

11    On January 23, 2019, Columbia filed another application for writ of garnishment at
12 Lowe's, in which it attested that Allied had obtained a Judgment in the amount of $4,880.00 *plus*
13 *interest and estimated garnishment costs*. Lowe's garnished $1,063.50 from Viviana Arias'
14 wages over sixty days. Dkt. 1-1, ¶¶ 27-28, Ex. E (emphasis added).

15    On April 26, 2019, Columbia filed another application for writ of garnishment, which
16 was unsuccessful as Viviana Arias no longer worked for Lowe's at that time. *Id.*, ¶¶ 29-30, Ex.
17 F. Although $1,063.50 had previously been withheld from Viviana Arias' pay, in this
18 application, Columbia attested that the Judgment obtained by Allied had a balance of $4,856.79,
19 plus interest and estimated garnishment costs. *Id.*, ¶ 31, Ex. F. Columbia did not obtain a
20 judgment or order to pay on the garnished funds. Dkt. 1-1, ¶ 32.

21                               DISCUSSION

22 A.    Legal Standard – Rule 12(b)(6)

23    In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as

- 3

1  true and makes all inferences in the light most favorable to the non-moving party. *Baker v.*
2  *Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted).
3  However, the court is not required to accept as true a "legal conclusion couched as a factual
4  allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)
5  (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929
6  (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim
7  to relief that is plausible on its face." *Id*. at 678, 129 S.Ct. 1937. This requirement is met when
8  the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the
9  defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed
10 allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the
11 elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. Absent
12 facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570, 127 S.Ct. 1955.

13 B.      Claims Under Fair Debt Collection Practices Act ("FDCPA") – Counts 1 and 2

14      The FDCPA prohibits abusive, deceptive and unfair practices in connection with the
15 collection of debt. 15 U.S.C. § 1692. The purposes of the FDCPA are "to eliminate abusive debt
16 collection practices by debt collectors, to ensure that those debt collectors who refrain from using
17 abusive debt collection practices are not competitively disadvantaged, and to promote consistent
18 State action to protect consumers against debt collection abuses." *Id*., 15 U.S.C. § 1692(e).
19 Because the FDCPA is a remedial statute, courts construe it liberally in favor of the consumer.
20 *Clark v. Capital Credit & Collection Servs., Ins.*, 460 F.3d 1162, 1176 (9th Cir. 2006). Because
21 the FDCPA is a strict liability statute, a debt collector's intent to deceive or mislead a consumer
22 is irrelevant. *Id.* at 1175. Courts apply the FDCPA using a "least sophisticated debtor" standard,
23 which ensures that the "FDCPA protects all customers, the gullible as well as the shrewd ... the

- 4

ignorant, the unthinking, and the credulous." *Id*. at 1171. "The 'least sophisticated debtor' standard is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor.'" *Id*. (quoting *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997)).

A debt collector's single action can give rise to multiple violations of the FDCPA. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1177 (9th Cir. 2006) ("In many cases several different sections or subsections of the FDCPA may apply to a given factual situation.") (citations and quotations omitted). Plaintiffs allege that Columbia's actions violated §§ 1692e and 1692f.

Section 1692e provides generally that a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Section 1692e(2) prohibits the false representation of the character, amount, or legal status of any debt. Section 1692e(10) prohibits the use of any false representations or deceptive means to collect or attempt to collect a debt. Section 1692f prohibits the use of unfair or unconscionable means to attempt to collect a debt. Section 1692f(1) prohibits the collection of an amount, including interest, fees and other charges, unless the amount is expressly authorized by an agreement creating the debt or by law.

Plaintiffs allege that Columbia made collection calls and sent letters demanding payment of over $10,000.00, which falsely represented the amount owed. Plaintiffs also allege that the documents provided by Columbia only added to their confusion as Columbia was claiming that they owed $10,178.57 "a massive increase from the judgment that was obtained" and was seeking over $2,030.43 in interest. In addition, the descriptions of the balances shown on the "Move Out Audit Sheet" were nebulous and Columbia provided no explanation for the large balances shown. Columbia also did not provide a copy of the judgment to Plaintiffs. Dkt. 1-1, ¶¶ 14-22; Ex. C.

1    Columbia argues that "Plaintiffs' chief contention is that they do not owe the debt" and
2 that there was no misrepresentation as the "original principal" amount demanded in its letter
3 matches the "total charge" on the "Move Out Audit Sheet." Dkt. 11, p. 6; Dkt. 12, p. 2. However,
4 Plaintiffs acknowledge a judgment was entered against them (for $2,926.00 (inclusive of
5 attorney's fees and costs), with interest at the rate of 12% per annum), and that they also owe for
6 utilities, rent for the month of October, and rent for 9 days in November 2017. Dkt. 1-1, ¶¶ 19-
7 21; Ex. A. They also alleged that Columbia falsely verified the amount owed in three
8 applications for writs of garnishment. *Id.*, Ex. D.

9    To the extent Columbia is arguing that it is entitled to rely on the "Move Out Audit
10 Sheet" in its collection attempts, this is not a basis to dismiss a factually sufficient complaint.
11 Rather, reliance on information obtained from a client is an affirmative defense for which the
12 debt collector has the burden of proof at trial. *Fox v. Citicorp Credit Servs., Inc*., 15 F.3d 1507,
13 1514 (9th Cir. 1994); 15 U.S.C. § 1692k(c) (A debt collector can avoid liability if it "shows by a
14 preponderance of the evidence that the violation was not intentional and resulted from a bona
15 fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such an
16 error.")

17    Plaintiffs have alleged sufficient facts to state a claim under Section 1692e(2) (falsely
18 representing the amount and legal status of the debt) and Section 1692e(10) (using false or
19 deceptive means to collect or attempt to collect a debt) because Columbia's attempts to collect
20 on the debt included representations about the amount owed that would have misled the least
21 sophisticated debtor. In addition, Plaintiffs have sufficiently alleged that Columbia's
22 communications violated § 1692f because they were an unfair attempt to collect amounts that
23 were not expressly authorized by the assignment Columbia received from Allied Residential.

Because Plaintiffs' allegations sufficiently state a claim for relief under the FDCPA, they are entitled to pursue actual damages under the FDCPA, which includes emotional distress damages. Accordingly, the undersigned recommends that the Court deny Columbia's motion to dismiss these claims.

C. <u>Washington Consumer Protection Act ("CPA") and Washington Collection Agency Act ("WCAA") – Counts 3 and 4</u>

Plaintiffs allege that Columbia violated the WCCA (by attempting to collect amounts not owed) and this constitutes a "per se" violation of the CPA.

The WCAA is Washington's counterpart to the FDCPA. *Panag v. Farmers Ins. Co. of Washington*, 204 P.3d 885, 897 (Wash. 2009). "Like the FDCPA, it prohibits collection agencies from making false representations as to the legal status of a debt, threatening the debtor with impairment of credit rating, attempting to collect amounts not actually owed, or implying legal liability for costs not actually recoverable, such as attorney fees or investigation fees, among other practices." *Id*. (citing Wash. Rev. Code § 19.16.250).

The WCAA does not provide a debtor with a cause of action. *Genschorck v. Suttell & Hammer, P.S.*, No. 12-CV-0615-TOR, slip op. at 3 (E.D. Wash. Nov. 21, 2013) (citing *Connelly v. Puget Sound Collections, Inc.*, 553 P.2d 1354 (Wash. 1976)). Rather, a violation of WCAA represents a per se violation of the CPA. Wash. Rev. Code. § 19.16.440; *Evergreen Collectors v. Holt*, 803 P.2d 10, 12 (Wash. Ct. App. 1991). Once a plaintiff establishes a per se violation of the CPA, she need only demonstrate that the violation proximately caused injury to her person or property. *Panag*, 204 P.3d at 885 (citation omitted). Plaintiffs allege that Columbia violated two provisions of the WCAA – RCW 19.16.250(15) (Count 4) and 19.16.250(21) (Count 3)

RCW 19.16.250(15) states that a collection agency shall not "represent or imply that the existing obligation of the debtor may be or has been increased by the addition of attorney fees,

- 7

investigation fees, service fees, or any other fees or charges when in fact such fees or charges may not legally be added." Allegations that a collection agency sought to collect more than is owed is sufficient to state a claim for Rule 12(b)(6) purposes. *Mitchell v. Patenaude & Felix APC*, 2019 WL 4043974 W.D. Wash. Jul. 15, 2019); *Lackey v. Ray Klein, Inc.*, 2019 WL 3716454, at *3 (W.D. Wash. Aug. 7, 2019).

Plaintiffs have sufficiently alleged violation of this provision. Plaintiffs allege that Columbia calculated interest on a balance that was obviously not owed and demanded that Plaintiffs pay that interest. Dkt. 1-1, ¶ 56. Plaintiffs also allege that Columbia added fees and costs that can only be added pursuant to a court order, which it never obtained. *Id.*, ¶ 57.

RCW 19.16.250(21) prohibits the collection, or attempted collection, of any amounts "in addition to the principal amount of a claim *any sum* other than allowable interest, collection costs, or handling fees expressly authorized by statute, and, in the case of suit, attorney's fees and taxable court costs." (emphasis added). Thus, a debt collector violates RCW 19.16.250(21) when it attempts "to collect amounts not owed." *Dawson v. Genesis Credit Mgmt., LLC*, 2017 WL 5668073, at *4 (W.D. Wash. Nov. 27, 2017); *Weinstein v. Mandarich Law Grp., LLP*, 2018 WL 6199249, at *4 (W.D. Wash. Nov. 28, 2018) (same).

Plaintiffs have sufficiently alleged a violation of this provision. Plaintiffs allege that Columbia demanded money that was not owed on numerous occasions through telephone calls, letters, and court pleadings and stated in court filings that an inflated amount was owed on a judgment. Dkt. 1-1, ¶¶ 52, 52

Thus, Plaintiffs have stated a claim for violation of the WCAA/CPA by alleging that Columbia sought to collect more money than is owed through falsely attesting in applications for writ of garnishment that $4,880.00 was owed on the judgment and through its confusing

- 8

1  communications with Plaintiffs, which made it difficult to determine how much in excess was
2  being demanded.
3        Columbia contends that the CPA claim must be dismissed as Plaintiffs failed to allege
4  "actual damages." Dkt. 11, p. 8.
5        "A plaintiff must establish that, but for the defendant's unfair or deceptive practice, the
6  plaintiff would not have suffered an injury." *Panag*, 204 P.3d at 900 (citation omitted). A
7  plaintiff need not remit debt payments in order to prove injury. *Id*. at 902; *see also Nordstrom,*
8  *Inc. v. Tampourlos*, 733 P.2d 208, 211 (Wash. 1987) (the CPA "uses the term 'injured' rather
9  than suffering 'damages.' This distinction makes it clear that no monetary damages need be
10 proven, and that nonquantifiable injuries, such as loss of goodwill would suffice....")
11       Plaintiffs alleged that they incurred expenses in seeking counsel to determine their legal
12 rights and responsibilities, suffered damaged credit, and suffered financial uncertainty, unease,
13 and distress. Dkt. 1-1, ¶ 37. This satisfies the Washington Supreme Court's requirement of
14 "injury." *Pang*, 204 P.3d at 900.
15       Accordingly, Columbia's motion to dismiss these claims should be denied.
16 D.    <u>Motion to Strike</u>
17       Rule 12(f) provides, in pertinent part, "[t]he court may strike from a pleading ... any
18 redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of
19 a Rule 12(f) motion to strike is "to avoid the expenditure of time and money that must arise from
20 litigating spurious issues by dispensing with those issues prior to trial[.]" *Whittlestone, Inc. v.*
21 *Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quotation omitted). A motion to strike
22 should be granted if it will eliminate serious risks of prejudice to the moving party, delay, or
23 confusion of issues. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other*

1  *grounds*, 510 U.S. 517 (1994). "Motions to strike are regarded with disfavor [ ] because of the
2  limited importance of pleadings in federal practice and because they are often used solely to
3  delay proceedings." *Capella Photonics, Inc. v. Cisco Sys., Inc*., 77 F. Supp. 3d 850, 858 (N.D.
4  Cal. 2014) (quotation omitted). "Nonetheless, the Court may properly grant motions to strike
5  when a defense or a claim is insufficient as a matter of law." *Zep Solar Inc. v. Westinghouse*
6  *Solar Inc*., No. 11-cv-06493, 2012 WL 1293873, at *1 (N.D. Cal. Apr. 16, 2012). Some courts
7  also refuse to grant Rule 12(f) motions unless prejudice would result to the moving party from
8  denial of the motion. *See Platte Anchor Bolt, Inc. v. IHI, Inc*., 352 F. Supp. 2d 1048, 1057 (N.D.
9  Cal. 2004).

10  Rule 12(f) is "neither an authorized nor a proper way to procure the dismissal of all or a
11  part of a complaint. *Yamamoto v. Omiya*, 564 F.2d 1319, 1327 (9th Cir.1977) (citing (5 Wright
12  & Miller, Federal Prac. & Proc. §1380, at 782 (1969)).

13  In its motion to strike, Columbia lists eleven paragraphs from the Complaint and broadly
14  contends that the paragraphs should be stricken because they include "legal conclusions, legal
15  arguments, and immaterial statements" (Dkt. 11, p. 10) and "inappropriate editorializing and
16  legal citations." Dkt. 13, p. 5. Plaintiffs counter that the motion to strike is without legal or
17  factual basis and that the paragraphs provide a basic understanding of their causes of action. Dkt.
18  12, p. 13.

19  Columbia does not identify any insufficient defense, nor does it identify any redundant,
20  immaterial, impertinent, or scandalous material. While some of the paragraphs contain legal
21  citations and argument, Columbia fails to identify any information that is not logically connected
22  or relevant to the allegations underlying Plaintiffs' causes of action. Moreover, the tenet that a
23  court must accept as true, all allegations contained in a complaint when analyzing a motion to

dismiss, is inapplicable to legal conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2006). The Court has not considered legal conclusions in determining whether Plaintiff's Complaint contains sufficient factual matter, which when accepted as true, plausibly state claims for relief. Columbia also makes no showing that it will suffer any prejudice if the materials are not stricken. Accordingly, it is recommended that the motion to strike be denied.

The undersigned recommends that the Court **deny** Columbia's motions to dismiss and to strike (Dkt. 11).

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **February 25, 2021**. The Clerk should note the matter for **March 2, 2021**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed five (5) pages. The failure to timely object may affect the right to appeal.

DATED this 10th day of February, 2021.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge